**THOMPSON FOUNDRY & MACHINE CO.**
**v. UNITED STATES et al.**
**Civil Action No. 138.**

District Court, M. D. Georgia,
Thomasville Division.

Aug. 14, 1946.

W. W. Alexander, of Alexander & Vann, all of Thomasville, Ga., for plaintiff.

Jno. P. Cowart, U. S. Atty., and Jack J. Gautier, Asst. U. S. Atty., both of Macon, Ga., for defendant.

DAVIS, District Judge.

This case arises under the Contract Settlement Act of 1944, 41 U.S.C.A. § 101 et seq. The plaintiff entered into a contract with the United States Maritime Commission on the 11th of November, 1943, to manufacture 100 ship sets of line shaft bearings at a total contract price of $96,500. On April 29, 1944, the contract was cancelled by the contracting agency and the plaintiff claimed damages in the sum of $20,326.15. He filed his claim and proofs, as required by the Act, and the contracting agency made findings allowing the plaintiff $10,493.90, and within thirty days thereafter, in accordance with the act, paid the plaintiff 90% of the amount allowed ($9,444.51). Plaintiff then brought this suit for $9,832.25, which is the difference between the amount allowed and the amount claimed, and is made up of five separate items set forth in the complaint. The suit was brought against the United States and the United States Maritime Commission, but plaintiff has offered

an amendment striking the Maritime Commission, and that amendment is allowed; so, the suit stands against the United States.

The defendant has lodged a motion to dismiss the complaint upon the ground that this court is without jurisdiction, and says that the suit should have been filed in the Court of Claims.

Plaintiff seeks to ground jurisdiction on Section 13, subsection (b) of the Act, 41 U.S.C.A. § ˉ 113. The Act provides: "Whenever any war contractor is aggrieved by the findings of a contracting agency on his claim or part thereof * * * he may, at his election * * * (2) bring suit against the United States for such claim or such part thereof, in the Court of Claims or in a United States district court, in accordance with subsection (20) of section 24 of the Judicial Code (28 U.S.C.A. § 41(20). * * *" This code section is commonly referred to as the Tucker Act, which confers upon the District Court jurisdiction to try claims against the United States "concurrent with the Court of Claims of all claims not exceeding $10,000. * * *"

Subsection (c)(3) of the Act further provides that the findings of the contracting agency shall not be binding upon the court, but shall be treated as prima facie correct and casts the burden upon the contractor "to establish that the amount due on his claim or part thereof exceeds the amount allowed by the findings of the contracting agency," and empowers the court, after hearing evidence on the claim, to "remand the case to the contracting agency for further proceedings upon such terms as the * * * court may prescribe. Unless the case is remanded the * * * court shall enter the appropriate award or judgment on the basis of the law and facts, and may increase or decrease the amount allowed by the findings of the contracting agency."

We have here, to begin with, one claim against the Government for $20,326.15. The plaintiff contends that the language of subsection (b), authorizing him to sue "on his claim *or part thereof*," gives him the right to sue in the District Court on the unsettled portion of his claim, amounting to $9,832.25, which is within the jurisdictional amount required by the Tucker Act, 28 U.S.C.A. § 41(20). From a study of the Act I have reached the conclusion that the claim referred to in the Act is the claim that was filed with the contracting agency and the amount of that claim determines the jurisdiction of the judicial forum. The language of subsection (c)(3) that upon the hearing on the claim the court may "increase or decrease the amount allowed by the findings of the contracting agency" strongly indicates that the court is to consider the claim as a whole. Nowhere in the Act is the jurisdiction of the District Court enlarged. The legislative history of the Act, as reflected in the House and Senate Committee reports, does not throw any light on the question to be determined here.

Undoubtedly, Congress thought that the large majority of the disputed war contract claims would be litigated in the Court of Claims. This is indicated by Section 14 of the Act which enlarges the facilities of the Court of Claims and enlarges to some extent the jurisdiction of that court, though the enlargement is restricted "to the extent necessary to give effect to this Act. * * *" (subsection (c)(3). Evidently the District Court was vested with jurisdiction so that contractors with small claims (under $10,000) might sue in the District Court and avoid inconvenience and expense in litigating in the Court of Claims. If the claim in this case had been $10,000 or less, the plaintiff could litigate its claim "or part thereof" in the District Court, but in order for it to sue for a "part thereof," its claim with the contracting agency must be $10,000 or under.

Plaintiff has tendered an amendment to the prayer of his petition "expressly waiving any right to recovery in this proceeding a sum greater than $9,832.25." Under my construction of the jurisdiction vested in the District Court by the Act this would not make any difference because the amount of the claim filed with the contracting agency determines the jurisdiction. The amendment is rejected.

Further, I construe it to be the duty of the court upon hearing the cause to award the plaintiff whatever sum of money is due him and in this case should the court undertake to award the full amount of $9,832.25 sued for, plus the sum of $1,049.39 (ten per cent. withheld), already determined by the agency to be due and not yet paid, then this court would be without jurisdiction to enter such judgment.

The motion to dismiss is sustained and the complaint dismissed.